UNITED STATES DISTRICT COURT

For the

DISTRICT OF RHODE ISLAND

2021 JUN 24  P 1: 16

Plaintiff,
Department of Children, Youth
And Families
    vs.

Defendant,
Carline Vilbon

CASE NO.
CA 21  272 MSM

Family Court No. PJ2000-2943

Supreme Court No. SU2021-0098A

DATED: June 10, 2021

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1446, (b) (3), (c),  28 USC § 2241, and the fourteenth Amendment of the United States' Constitution, I Carline Vilbon, the Defendant – Petitioner,  by way of removal would respectfully show unto this Court:

1. This action was commenced by the filing of a Summons and Complaint on October 18, 2020, in the Rhode Island Family Court, in the Providence county.

2. Thirty days have elapsed since the receipt of the Complaint by the Defendant upon whom it has been served and one year has not elapsed since the commencement of this action.  The Defendant-Petitioner has exhausted all state court remedies as evidenced by the attached court orders of the Rhode Island Family Court decision of March 18, 2021 and the Supreme Court order of June 4, 2021.

Title 28 U.S.C § 2241 (d) gives the United States district court's jurisdiction to entertain

petitions for habeas relief only from persons who are in custody in violation of the Constitutions or laws or treaties of the United States. In addressing who may seek habeas relief, however, the U.S. Supreme Court has indicated that "Nothing in the language of [ 28 U.S.C. § 2244 ] requires that the state court judgment pursuant to which a person is in custody be a criminal conviction.

3. Pursuant to 28 U.S.C. '1441(a), the Defendant may remove to the District Court of the United States, for the district and division embracing the place where such action is pending, any civil action brought in a state court of which the district courts of the United States have original jurisdiction. Pursuant to 28 U.S.C. '1441(b), any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

4. By virtue of 28 U.S.C. "1331 and 1343(a), the United States District Court has original jurisdiction of any civil action for a claim under 42 U.S.C. '1983. Section 1983 does not expressly prohibit removal and the existence of concurrent jurisdiction in the state court over claims under 42 U.S.C. '1983 is insufficient, standing alone, to defeat the right of removal granted the Defendant under 28 U.S.C. '1441 and 28 U.S.C. § 1446, (b) (3), (c).

5. By virtue of the foregoing, the Defendant Carline Vilbon hereby removes this action to the United States District Court for the District of Rhode Island.

6. The Defendant City files herewith in this Court a copy of all process, pleadings and orders

> (a) Served by or upon them in this action, as a part of the Notice of Removal, which consists of the Summons and Complaint dated June 10. 2021.

(b) The Clerk of Rhode Island Family Court, Juvenile division, and the Rhode Island Supreme Court, from which this action is removed, and Plaintiff's counsel shall promptly be given written Notice that the Notice of Removal has been filed and shall be provided a copy of the Notice of Removal.

WHEREFORE, the Defendant prays that this Notice of Removal be accepted as sufficient for removal of this action to this Court.

Respectfully submitted,

*Carline Vilbon*
Carline Vilbon
74 Prince Street
Pawtucket, RI. 02860
Ph: (401) 654-3470
Email: vilbon@yahoo.com
**Dated:** June 17, 2021