UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Department of Children, Youth, and Families,<br>    Plaintiff,<br><br>v.<br><br>Carline Vilbon,<br>    Defendant. | C.A. No. 21-0272-MSM-LDA |

# ORDER

Mary S. McElroy, United States District Judge.

Pro se Defendant Carline Vilbon ("Ms. Vilbon") has sought review of this case in what she names a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Section 2241"). ECF. No. 1. However, this case was removed from the state court by the Defendant's Notice of Removal filed with this Court on June 24, 2021. In that Notice the defendant claims the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1446(b)(3) and (c) as well as 28 U.S.C. § 2241 and the Fourteenth Amendment to the United States Constitution.

The first issue that the Court must address is the whether the case was properly removed to this Court. 28 U.S.C. § 1331 provides that "district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The underlying state case, the case that has been removed to this Court, is not one over which federal district courts have jurisdiction. The case instead arose as a petition in the Rhode Island Family Court to find that the

defendant's child was neglected and granting temporary custody to the Rhode Island Department of Children, Youth, and Families ("DCYF"). Jurisdiction over this type of proceeding is exclusively vested in the Rhode Island Family Court. R.I.G.L. §§ 14-1-5, §14-1-8. It is therefore not a case that can properly be removed to this Court.

Even if the Court were to consider the Defendant's Notice of Removal to be an independent petition for habeas corpus under 28 U.S.C. § 2244 the case must be dismissed. The Petition in this case has not been served pending the Court's preliminary review. *See* 28 U.S.C. § 2243. Rule 4 of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254 provides that if it "plainly appears from the petition … that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[1] The Court, in this case, must deny the petition because Ms. Vilbon has not set forth a basis for this Court to exercise habeas jurisdiction. Habeas corpus review is available under Section 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Before seeking habeas relief under Section 2241, Ms. Vilbon must first exhaust other available remedies. "In *Picard v. Connor*, [404 U.S. 270, 276 (1971)], the Supreme Court held that § 2254's exhaustion requirement is not satisfied by a mere presentation of the same factual allegations to the state court as to the federal court." *Eaton v. Holbrook*, 671 F.2d 670, 671, (1st Cir. 1982). "Rather, the

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

state court must be given the first opportunity to consider 'the substance of (the) federal habeas corpus claim.'" *Id.* (quoting *Picard*, 404 U.S. at 276).

Although Ms. Vilbon has recently filed a "Motion for Review Pursuant to 28 U.S.C. § 1331" (ECF No. 4) that claims violations of the Fourteenth Amendment and denials of rights to due process and equal protection by the Rhode Island Family Court, she does not appear to have given the state courts an opportunity to consider the substance of the constitutional claims. The case, as of Ms. Vilbon's filing a Notice of Removal, was in the Rhode Island Supreme Court and had not yet been adjudicated fully in either the state Family Court or the Rhode Island Supreme Court.

For the above reasons, the petition for Writ of Habeas Corpus (contained within the Notice of Removal at ECF No. 1) is DENIED and the case is dismissed. The Motion for Leave to Proceed in forma pauperis (ECF No. 2) and the Motion for Review Pursuant to 28 U.S.C. § 1331 (ECF No. 4) are denied as moot.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
August 18, 2021

3