APPEAL

# U.S. District Court
# District of Rhode Island (Providence)
# CIVIL DOCKET FOR CASE #: 1:21−cv−00272−MSM−LDA

| | |
|---|---|
| Department of Children, Youth and Families v. Vilbon<br>Assigned to: District Judge Mary S. McElroy<br>Referred to: Magistrate Judge Lincoln D. Almond<br>Case in other court:  State of Rhode Island Family Court, PJ20−002943<br>Cause: 28:1441 Notice of Removal − Civil Rights | Date Filed: 06/24/2021<br>Date Terminated: 08/18/2021<br>Jury Demand: None<br>Nature of Suit: 530 Habeas Corpus (General)<br>Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Department of Children, Youth and Families** | represented by | **Alexander B. Terry**<br>OHHS−DCYF<br>Office of Legal Counsel<br>101 Friendship Street<br>Providence, RI 02903<br>401−447−5962<br>Email: alex.terry@dcyf.ri.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Carline Vilbon** | represented by | **Carline Vilbon**<br>74 Prince Street<br>Pawtucket, RI 02860<br>401−654−3470<br>PRO SE |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/24/2021 | 1 | | NOTICE OF REMOVAL from State of Rhode Island Family Court & Supreme Court of RI, case number SU2021−0132A & SU2021−0098A., filed by Carline Vilbon. (Attachments: # 1 State Court Record, # 2 Civil Cover Sheet)(McGuire, Vickie) (Entered: 06/24/2021) |
| 06/24/2021 | | | CASE CONDITIONALLY ASSIGNED Related Case Number CV21−267MSM−LDA based upon the indication on the cover sheet that a related case previously was assigned to the presiding judge. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (McGuire, Vickie) (Entered: 06/24/2021) |
| 06/24/2021 | 2 | | MOTION for Leave to Proceed in forma pauperis filed by Carline Vilbon. (McGuire, Vickie) (Entered: 06/24/2021) |
| 06/24/2021 | 3 | | CASE OPENING NOTICE ISSUED (McGuire, Vickie) (Entered: 06/24/2021) |

| 08/18/2021 | 5 | | ORDER denying 1 Writ of Habeas Corpus (contained within the Notice of Removal); denied as moot 2 Motion for Leave to Proceed in forma pauperis; denied as moot 4 MOTION For Review Pursuant to 28 U.S.C. § 1331. So Ordered by District Judge Mary S. McElroy on 8/18/2021. (Potter, Carrie) (Entered: 08/18/2021) |
|---|---|---|---|
| 08/19/2021 | 6 | | NOTICE OF APPEAL by Carline Vilbon as to 5 Order on Motion for Leave to Proceed in forma pauperis,, Order on Motion for Miscellaneous Relief,<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 8/26/2021. (DaCruz, Kayla) (Entered: 08/19/2021) |
| 08/19/2021 | 7 | | MOTION for Leave to Appeal in forma pauperis filed by Carline Vilbon. (DaCruz, Kayla) (Entered: 08/19/2021) |
| 08/19/2021 | 8 | | NOTICE by Carline Vilbon (DaCruz, Kayla) (Entered: 08/19/2021) |
| 08/20/2021 | 9 | | AFFIDAVIT re 7 MOTION for Leave to Appeal in forma pauperis by Carline Vilbon. (Attachments: # 1 Email Re: Filing)(Simoncelli, Michael) (Entered: 08/21/2021) |
| 08/23/2021 | | | TEXT ORDER: The Defendants Motion for Leave to Appeal in Forma Pauperis (ECF 7 ) is DENIED as it fails to state the issues on appeal and therefore fails to demonstrate any entitlement to redress. See U.S.C.S. Fed. Rules App. Proc. R.24. So Ordered by District Judge Mary S. McElroy on 8/23/2021. (Potter, Carrie) (Entered: 08/23/2021) |

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**Department of Children Youth & Famili**

Plaintiff

v.

**Carline Vilbon**

Defendant

Case No. 21-0272-MSM-LDA

FILED
2021 AUG 19 P 2: 33
DISTRICT OF RHODE ISLAND

## NOTICE OF APPEAL

Notice is hereby given that **Carline Vilbon**,
Name

the **Defendant** in the above-referenced matter, hereby appeals to the
Party type

United States Court of Appeals for the First Circuit from the **Court Order**
Final judgment or description of order

_____ entered in this action on **August 18, 2021**.
Date of entry

**Carline Vilbon**
Name

_____
Bar Number

_____
Firm/Agency

**74 Prince Street**
Address

**Pawtucket, RI. 02860**
City, State, Zip Code

Respectfully submitted,

*Carline Vilbon*
Signature

**08/19/2021**
Date

**(401) 654-3470**
Telephone Number

_____
Fax Number

**vilbonc@yahoo.com**
E-mail Address

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Department of Children, Youth, and Families,<br>  Plaintiff,<br><br>v.<br><br>Carline Vilbon,<br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 21-0272-MSM-LDA<br>)<br>)<br>)<br>)<br>) |

ORDER

Mary S. McElroy, United States District Judge.

Pro se Defendant Carline Vilbon ("Ms. Vilbon") has sought review of this case in what she names a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Section 2241"). ECF. No. 1. However, this case was removed from the state court by the Defendant's Notice of Removal filed with this Court on June 24, 2021. In that Notice the defendant claims the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1446(b)(3) and (c) as well as 28 U.S.C. § 2241 and the Fourteenth Amendment to the United States Constitution.

The first issue that the Court must address is the whether the case was properly removed to this Court. 28 U.S.C. § 1331 provides that "district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The underlying state case, the case that has been removed to this Court, is not one over which federal district courts have jurisdiction. The case instead arose as a petition in the Rhode Island Family Court to find that the

4

defendant's child was neglected and granting temporary custody to the Rhode Island Department of Children, Youth, and Families ("DCYF"). Jurisdiction over this type of proceeding is exclusively vested in the Rhode Island Family Court. R.I.G.L. §§ 14-1-5, §14-1-8. It is therefore not a case that can properly be removed to this Court.

Even if the Court were to consider the Defendant's Notice of Removal to be an independent petition for habeas corpus under 28 U.S.C. § 2244 the case must be dismissed. The Petition in this case has not been served pending the Court's preliminary review. *See* 28 U.S.C. § 2243. Rule 4 of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254 provides that if it "plainly appears from the petition … that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[1] The Court, in this case, must deny the petition because Ms. Vilbon has not set forth a basis for this Court to exercise habeas jurisdiction. Habeas corpus review is available under Section 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Before seeking habeas relief under Section 2241, Ms. Vilbon must first exhaust other available remedies. "In *Picard v. Connor*, [404 U.S. 270, 276 (1971)], the Supreme Court held that § 2254's exhaustion requirement is not satisfied by a mere presentation of the same factual allegations to the state court as to the federal court." *Eaton v. Holbrook*, 671 F.2d 670, 671, (1st Cir. 1982). "Rather, the

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

2

state court must be given the first opportunity to consider 'the substance of (the) federal habeas corpus claim.'" *Id.* (quoting *Picard*, 404 U.S. at 276).

Although Ms. Vilbon has recently filed a "Motion for Review Pursuant to 28 U.S.C. § 1331" (ECF No. 4) that claims violations of the Fourteenth Amendment and denials of rights to due process and equal protection by the Rhode Island Family Court, she does not appear to have given the state courts an opportunity to consider the substance of the constitutional claims. The case, as of Ms. Vilbon's filing a Notice of Removal, was in the Rhode Island Supreme Court and had not yet been adjudicated fully in either the state Family Court or the Rhode Island Supreme Court.

For the above reasons, the petition for Writ of Habeas Corpus (contained within the Notice of Removal at ECF No. 1) is DENIED and the case is dismissed. The Motion for Leave to Proceed in forma pauperis (ECF No. 2) and the Motion for Review Pursuant to 28 U.S.C. § 1331 (ECF No. 4) are denied as moot.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
August 18, 2021

3